IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ULF CARLLSON,

      Plaintiff,                      No. CIV S-10-0774 FCD KJM P

    vs.

PETER J. McBRIEN,

      Defendant.            ORDER

/

        Plaintiff is proceeding pro se with an action on claims he asserts under 42 U.S.C. §§ 1983 and 1988 and state law. The court previously determined plaintiff had successfully completed substituted service in accordance with California Code of Civil Procedure § 415.20(b), which is applicable in federal court under Federal Rule of Civil Procedure 4(e)(1). See Order (Docket No. 8). Because the time for a responsive pleading had passed, the court also directed the Clerk of Court to enter default against defendant. Id. The Clerk recorded an entry of default on August 12, 2010. Plaintiff moved for a default judgment on October 4, 2010.

/////

/////

/////

/////

1

On October 15, defendant made his first appearance in this case, filing a motion through counsel to set aside the entry of default.[1] The court heard the motion on November 10, 2010.

Federal Rule of Civil Procedure 55(c) authorizes a court to set aside entry of default for "good cause." "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994). A court determines the existence of good cause for removing a default by considering the following factors: (1) whether the party seeking to set aside the entry of default engaged in culpable conduct that led to the default; (2) whether there is any meritorious defense to plaintiff's claims; or (3) whether setting aside the entry of default will prejudice the plaintiff. United States. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). These factors are disjunctive: "a finding that any one of these factors is true is sufficient reason for the district court to set aside the entry of default." Id. at 1091. The court applies the factors with the recognition that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id.

In this case, the court finds the entry of default should be set aside because defendant has presented facially meritorious defenses and because there is no apparent prejudice to plaintiff in lifting the entry of default as long as the trial date previously set is maintained.

/////
/////
/////
/////

---

[1] Defendant argues in his memorandum in support of setting aside the entry of default that service was not complete because substituted service was not properly effected. The court declines to revisit its previous ruling on the completion of substituted service.

The Ninth Circuit has described the requirement that there be meritorious defenses in the context of reviewing a setting aside of default judgment:

> A defendant seeking to vacate a default judgment [or entry of default] must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation is true" is not to be determined by the court when it decides the motion to set aside the default. Rather, that question "would be the subject of the later litigation."

Id. at 1094 (internal citations omitted). Defendant has alleged numerous potential defenses in a proposed motion to dismiss that he attached in support of his motion to set aside the entry of default: (1) sovereign immunity under the Eleventh Amendment; (2) judicial immunity as a bar to liability under § 1983; (3) failure to plead a civil rights violation within the statute of limitation; (4) the non-existence of a federal claim for damage to reputation; (5) failure to present a justiciable controversy on which declaratory relief could be granted; (6) no independent cause of action for attorneys' fees; (7) no viable state law cause of action under the doctrine of judicial immunity; (8) defendants' allegedly harmful statements were not false; and (9) the state law claim does not support the exercise of this court's supplemental jurisdiction. See Proposed Motion to Dismiss (Docket No. 12-2) at 5-6.[2] Without making any finding as to the merit of these defenses, the court concludes that they meet the standard of "meritorious defenses" defined by the Ninth Circuit as sufficient to set aside an entry of default.

"To be prejudicial, the setting aside of a judgment [or entry of default] must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether plaintiff's ability to pursue his claim will be hindered.'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) (citation omitted). "[T]he delay must result in tangible harm

/////

---

[2] The court references page numbers assigned by the court's CM/ECF system.

such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. at 701 (citation omitted).

Although there is some evidence suggesting, as plaintiff argues, that defendant intentionally evaded service when a process server attempted to serve him, there is no evidence that the delay created by defendant's failure to appear and respond to the complaint has prejudiced plaintiff's ability to prosecute his case. The court set a date for trial on the same day it directed the Clerk to enter a default against defendant, and setting aside the entry of default does not require continuing that date. Although the delay caused by defendant's late appearance necessitates extending some pre-trial deadlines, nothing suggests the delay has prejudicially lengthened the schedule on which this litigation would have proceeded had there been no entry of default. The court's strong interest in resolving a matter on its merits weighs in favor of resetting pretrial dates while maintaining the trial date already set.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to set aside the entry of default (Docket No. 12) is granted.

2. The Clerk of Court is directed to set aside the entry of default entered August 12, 2010 (Docket No. 9).

3. Defendant shall have filed his motion to dismiss no later than November 10, 2010.

4. Plaintiff shall file his opposition to the motion to dismiss no later than November 24, 2010.

5. Defendant shall file his reply, if any, no later than December 1, 2010.

6. A hearing on the motion to dismiss is set for December 8, 2010, at 10:00 a.m. in Courtroom 26.

7. In the event the motion to dismiss is denied, discovery, including the hearing of discovery motions, shall be completed by February 11, 2010. Discovery motions, if needed, shall be filed in accordance with Local Rule 37-251.

8.  Dispositive motions, other than discovery motions, shall be noticed to be heard by April 11, 2011.

9.  The dates for the pre-trial conference and for trial remain as set by the scheduling order of August 12, 2010.

10. The motion for default judgment (Docket No. 10) is denied as moot.

DATED: November 12, 2010.

_____
U.S. MAGISTRATE JUDGE

4
carl0774.oah