IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ULF CARLSSON

     Plaintiff,                      No. CIV S-10-0774 FCD KJN (TEMP) PS

     vs.

PETER J. McBRIEN

     Defendant.                    ORDER

_____/

        Plaintiff is proceeding without counsel with an action under 42 U.S.C. § 1983 and state law. On December 21, 2010, the court entered findings and recommendations that the motion to dismiss be granted in part and denied in part and that plaintiff be allowed thirty days from the adoption of the findings and recommendations in which to file an amended complaint. As of the date of this order, the findings and recommendations remain under consideration. However, on January 12, 2011, plaintiff filed his first amended complaint. Shortly thereafter, defendant filed a motion to compel responses to discovery requests and to sanction plaintiff for failing to answer discovery requests. Ten days later, on January 31, the parties filed a joint motion to modify the existing scheduling order with new deadlines and a stipulation to strike the first amended complaint as prematurely filed.

        The first amended complaint was prematurely filed, but so was the motion to

1  compel. The court entered the current scheduling order on November 15, 2010, shortly after the
2  court set aside the entry of default[1] and defendant filed his motion to dismiss. The scheduling
3  order states that discovery shall be completed no later than February 11, 2011, "[i]n the event the
4  motion to dismiss is denied." Order at 4 (Dkt. No. 20). The motion to dismiss has not been
5  denied, so the discovery deadline set in the current scheduling order remains dependent on the
6  resolution of the motion to dismiss. Under these circumstances, defendant has cause to join a
7  motion to amend or clarify the scheduling order, but there is no cause to compel plaintiff to
8  answer discovery responses, much less sanction plaintiff for failing to respond while the motion
9  to dismiss remains pending. Likewise, there is no good cause to enter a new scheduling order
10 before the court decides the motion to dismiss.

11         As for the prematurely filed first amended complaint, there is no good cause to
12 order it stricken, the parties' stipulation to do so notwithstanding. This court frequently receives
13 pleadings filed by pro se litigants in technical violation of the prevailing schedule in the case, and
14 it is this court's practice to consider such pleadings timely filed when it is appropriate. In the
15 event the district judge adopts the magistrate judge's findings and recommendations in this case,
16 the court will consider the first amended complaint properly filed, <u>nunc pro tunc</u>.[2] Defendant
17 will have fourteen days after the adoption of the findings and recommendations in which to
18 respond to the amended complaint. Fed.R.Civ.P. 15(a)(3).

19         IT IS THEREFORE ORDERED that:

20         1. The motion to compel and for sanctions (Dkt. No. 30) is denied without
21 prejudice.

22         2. The joint motion to modify the pre-trial scheduling order (Dkt. No. 31) is

---

[1] The court entered default against defendant on August 12, 2010, for his failure to answer or otherwise appear in this action in the time required under the federal rules, despite being properly served.

[2] In other words, the first amended complaint will be considered filed as of January 12, 2011.

2

denied.

3. In the event the court adopts the findings and recommendations of December 21, 2011, the first amended complaint will be considered properly filed as of January 12, 2011. Defendant will have fourteen days from the adoption of the findings and recommendations in which to respond to the first amended complaint.

4. The current scheduling order, entered November 15, 2010, is vacated.

DATED: February 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carl0774.ord