IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ULF CARLSSON,

     Plaintiff,                    No. 2:10-cv-0774 FCD KJN (TEMP)

    vs.

PETER J. McBRIEN,

                                 ORDER and
     Defendant.           FINDINGS AND RECOMMENDATION

        Plaintiff, proceeding without counsel, has sued a Sacramento County Superior Court judge who presided over his divorce proceedings. He alleges that the judge used his position for the extra-judicial purpose of disclosing defamatory information about plaintiff in secret communications with plaintiff's employer, resulting in plaintiff's termination. Plaintiff's primary causes of action are for violation of substantive and procedural due process under 42 U.S.C. § 1983 and for libel under state law. Defendant has filed a motion to dismiss.

I.    Plaintiff's Allegations

        According to the amended complaint, plaintiff was an employee with the California Department of General Services ("DGS") when his wife filed for divorce in 2004. During divorce proceedings, plaintiff testified about a loan he had received as part of a personal business transaction. First Am. Compl. ¶ 13 (Docket No. 29). Judge McBrien then ordered

1

plaintiff, over counsel's objections, to produce all of the conflict of interest disclosure forms plaintiff had filed with DGS. Id.  The amended complaint states that McBrien "admitt[ed], on the record, that the Conflict of Interest forms were not relevant to the divorce litigation before him[.]" Id.

The amended complaint alleges that McBrien contacted general counsel for DGS and communicated to her and others "that Plaintiff had failed to properly disclose a business transaction in the Conflict of Interest Forms, and this omission could constitute a criminal offense." Id. at ¶ 16.  Plaintiff alleges that to the extent McBrien told DGS' counsel that plaintiff's failure to disclose his personal business interest was improper, illegal or criminal, "McBrien's representations were knowingly false." Id.  Shortly after McBrien spoke with DGS' counsel,

> DGS took disciplinary action against Plaintiff resulting in the termination of Plaintiff's employment with DGS, where Plaintiff's annual salary had been approximately $78,000.  Plaintiff had enjoyed a constitutionally protected property interest in his continuing employment with DGS... Plaintiff had intended, and had reasonably expected, to continue his employment with DGS, due to DGS' laudatory evaluation of Plaintiff... contributing to a mutually explicit understanding... that Plaintiff would remain a state employee with DGS.  Instead, DGS took this action against Plaintiff due to his failure to disclose the business relationship described above in the Conflict of Interest Forms.  The fact that defamatory information regarding Plaintiff on this issue had been communicated to DGS was not disclosed to Plaintiff.... Plaintiff's termination was accomplished without due process of law; in particular, Plaintiff could not in any way address the defamation carried out by McBrien, since the facts of same were never disclosed to plaintiff.

Id. at ¶ 18.

Plaintiff states he first discovered McBrien's communication with DGS on January 5, 2010, when the California Commission on Judicial Performance issued its "severe public censure" of McBrien's conduct in the divorce case.  See id. at ¶ 26.  Plaintiff filed this action on April 1, 2010.

////

II.   Procedural Background

The magistrate judge initially assigned to this case heard defendant's motion to dismiss the original complaint on December 8, 2010. Defendant presented numerous grounds for dismissal: (1) Eleventh Amendment immunity against claims for official liability; (2) judicial immunity against the federal claims; (3) the federal claims were barred by the statute of limitations; (4) no federal claim for mere damage to reputation is cognizable; (5) no justiciable controversy for a declaratory judgment; (6) no independent claim for post-judgment attorneys' fees under 42 U.S.C. § 1988; (7) the state law cause of action was barred by judicial immunity and because the statements were not false; and (8) the court should decline to exercise supplemental jurisdiction over the state law claim.

The magistrate's findings and recommendations found that, under the allegations of the original complaint, defendant was not due judicial immunity under § 1983 and the claims were not time-barred. Instead, the magistrate recommended that the claims based on official liability and for declaratory relief should be dismissed with prejudice and the claim of individual liability under § 1983 be dismissed with leave to amend. The district judge adopted the findings and recommendations in full. See Dkt. No. 21.

In granting leave to amend the complaint, the court rejected defendant's argument that plaintiff could not under any circumstances plead a federal cause of action against McBrien because defendant was not the one who terminated plaintiff's employment. The magistrate explained the reason for recommending dismissal of the federal "stigma-plus" claim with leave to amend:

> In Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041 (9th Cir. 1994), the Ninth Circuit stated that "[d]ischarge [from employment] assumes constitutional dimension when the employee has a property interest in continued employment, or a liberty interest in not being defamed, as a result of which she may not be terminated without due process." Id. at 1044. Gini and other cases on defamation in the employment context clearly require pleading a "plus" factor to state a civil rights claim: that is, the loss of the job itself, not the allegedly defamatory act, must have effected a

3

violation of a right guaranteed by the Constitution. Here, the pro se complaint does not say which federally protected interest DGS violated when it fired plaintiff. Instead the complaint rests on the erroneous assumption that being defamed by a judge and as a result losing one's job (along with the concomitant financial hardship) is enough to state a federal civil rights claim. Without more, defendant is correct that the complaint does not sufficiently aver any constitutional violation.

Defendant is not correct, however, that McBrien's status as a third party to the employment relationship between DGS and plaintiff puts him out of reach of any theory of liability under § 1983. In Gini, the plaintiff was an employee of the federal district court who lost her job after a local police investigator communicated allegedly defamatory statements to her employer. The Ninth Circuit recognized that the police officer could still be liable "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 1044. Here, it is reasonable to infer from the complaint the allegation that when McBrien called DGS he knew or should have known that he was putting plaintiff's employment at serious peril, especially considering that he, a state judge, allegedly told DGS' general counsel that plaintiff might have committed a crime. "Such a third party can only be liable to the employee if the employee can show that the third party could reasonably foresee that the third party's statements to the governmental employer would cause the employee to be terminated without a pre-termination or name-clearing hearing." Baca v. Moreno Valley Unified School District, 936 F.Supp. 719, 733 (C.D.Cal.1996) (emphasis added).

Still, under Gini, plaintiff must allege not only that his termination was reasonably foreseeable from McBrien's conduct but that McBrien knew or should have known a constitutional deprivation would occur in connection with the termination. Failing to plead that second link between the defendant and the actual constitutional deprivation was the fatal deficiency in Gini, and the complaint in this case presents the same flaw. But the law does not foreclose the possibility that plaintiff could plausibly plead all the necessary elements of a cognizable defamation claim under § 1983. Therefore, consistent with its usual practice with pro se litigants, the court will dismiss the original complaint with leave for plaintiff to amend his federal claim, if plaintiff determines that he can plead the proper elements within the parameters set by Fed.R.Civ.P. 11(b).

The court's analysis of the pleading standards for plaintiff's § 1983 claim for defamation (or "stimga plus") applies with equal force to the allegations of the first amended complaint and defendant's motion to dismiss.

III.     Motion To Dismiss The Amended Complaint

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

     A.     Plaintiff's due process claim

Plaintiff has divided his claim for violation of due process into two causes of action, alleging a deprivation of of substantive due process and violation of procedural due process. "Where, as here, the plaintiff alleges that the denial of due process consists of an official's arbitrary action, a claim for violation of substantive due process is indistinguishable from a claim for violation of procedural due process." Sierra Lake Reserve v. City of Rocklin, 938 F.2d 951, 957 (9th Cir. 1991), *vacated on other grounds and remanded*, 506 U.S. 802 (1992), *opinion vacated in part*, 987 F.2d 662 (9th Cir. 1993). Therefore, the court will assess the adequacy of the amended complaint's due process causes of action in a single analysis.

The critical inquiry under Rule 12(b)(6) and <u>Iqbal</u> is whether plaintiff has pled a plausible connection between McBrien's actions and a constitutional deprivation in DGS' termination of plaintiff's employment. The law is clear on what the nature of that connection must be. As the court stated in its previous findings and recommendations, it is not enough to plead that the judge's defamatory statement caused plaintiff to lose his job. Instead, the plaintiff must plead that the defendant could have reasonably foreseen a constitutional deprivation would be a consequence of his actions. See <u>Gini</u>, 40 F.3d at 1044. Where, as here, the alleged deprivation was a violation of due process in the termination of plaintiff's employment and the allegedly defaming party was a third party to the employment relationship, then "[the] third party can only be liable to the employee if the employee can show that the third party could reasonably foresee that the third party's statements to the governmental employer would cause the employee to be terminated without a pre-termination or name-clearing hearing." <u>Baca</u>, 936 F.Supp. at 733.

Even accepting as true the allegation that plaintiff was deprived a chance to clear his name before termination, the amended complaint does not contain any plausible factual allegation that McBrien could have reasonably foreseen that DGS would not provide plaintiff an opportunity to be heard. The amended complaint states that "[t]he fact that defamatory information regarding Plaintiff on this issue had been communicated to DGS was not disclosed to Plaintiff.... Plaintiff could not in any way address the defamation carried out by McBrien, since the facts of same were never disclosed to plaintiff." First Am. Compl. at ¶ 18. There is no suggestion that McBrien had the ability to or actually did control or influence whether plaintiff was informed of McBrien's allegedly defamatory statements or found out who made them. If withholding that information deprived plaintiff of an opportunity to clear his name before termination, the amended complaint puts that violation of due process at DGS' doorstep, but it does not extend to McBrien.

Plaintiff has also alleged that he had a constitutionally protected property interest in his employment. He avers that he and DGS had a "mutually explicit understanding" that he

would continue as an employee there, but he does not allege any contractual or tenure-like protection of his employment. Plaintiff has pled no facts that, if true, would establish that he had a vested property interest in employment that was protected by the Fourteenth Amendment.

Because plaintiff has not pled that defendant could have reasonably foreseen that plaintiff would be deprived a pre-termination hearing, nor has he pled any other constitutionally protected property interest in his employment, the undersigned recommends that his federal claims be dismissed with prejudice. Iqbal, 129 S. Ct. at 1949; Fed.R.Civ.P. 12(b)(6).

B.    Plaintiff's state law claim

Plaintiff has alleged a state law claim of libel. Under 28 U.S.C. § 1367, if a district court has original jurisdiction over a claim, it also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The court must exercise supplemental jurisdiction unless it is prohibited by § 1367(b) or unless one of the exceptions of § 1367(c) applies. Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist of California, 24 F.3d 1545, 1556-57 (9th Cir. 1994) (overruled on other grounds, Cailfornia Dept. Of Water Resources v. Powerex Corp., 533 F.3d 1087, 1091 (9th Cir. 2008)). The district court may decline to exercise supplemental jurisdiction over a state law claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Having recommended dismissal of the federal claims, the undersigned recommends that the court decline to exercise supplemental jurisdiction and dismiss the state law claim without prejudice.

////

IV. <u>Plaintiff's Motion For Sanctions</u>

Plaintiff has filed a motion for sanctions, arguing that defendant violated Fed.R.Civ.P. 12(g)(2) and (h)(2) by filing a motion to dismiss the first amended complaint. The motion is not well taken. As the court explained in granting leave to file an amended complaint, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. <u>See</u> Findings and Recommendations at 10-11, n.3. Having been served with an effectively new complaint, defendant had the right to file the instant motion to dismiss it. <u>See</u> Fed.R.Civ.P. 15(a)(3). That fact that some grounds for dismissal are the same as those alleged in the first motion to dismiss and some are new has not prejudiced plaintiff.

Accordingly, IT IS HEREBY ORDERED that the motion for sanctions (Dkt No. 43) is denied.

IT IS RECOMMENDED that:

1. Plaintiff's federal claims be dismissed with prejudice.

2. The court decline to exercise supplemental jurisdiction and dismiss plaintiff's state law claim without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-one days after service of the objections. The parties are

////
////
////
////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  April 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carl0774.oah